## Case No. 16,916.

### In re VERMEULE.

[10 Ben. 1.] [1]

District Court, S. D. New York.     June, 1878.

CLERK'S FEES FOR SEARCHING FOR PETITIONS IN BANKRUPTCY.

1. The compensation to the clerk of the court for searching for petitions in bankruptcy is not expressly provided for in section 828 of the Revised Statutes of the United States.

2. A reasonable compensation for such service is fifteen cents for each name searched against.

Carlisle Norwood, Jr., for appellant.

George F. Betts, pro se.

CHOATE, District Judge. This is an application to the court to determine the amount of the fees to which the clerk is entitled for making and certifying a search for judgments and for petitions in bankruptcy. The fees claimed by the clerk are for searching for judgments and decrees, fifteen cents for each name searched against, and for searching for petitions in bankruptcy ten cents a year for each name searched against for ten years, making one dollar for each name searched against. It is conceded that the clerk is entitled to fifteen cents for searching for judgments; and no objection is taken to fifteen cents for each name searched against for petitions in bankruptcy, but objection is made to anything more than fifteen cents for each name searched against for petitions in bankruptcy.

The fees of the clerk so far as they are fixed by statute are governed by Rev. St. tit. 13, c. 16, § 828, which contains the following: "For every search for any particular mortgage, judgment or other lien, fifteen cents." "For searching the records of the court for judgments, decrees, or other instruments constituting a general lien on real estate and certifying the result of such search, fifteen cents for each person against whom such search is required to be made."

The second of these provisions is a re-enactment of the statute of 1853, c. 80, § 1 [10 Stat. 161], passed February 26, 1853. The bankrupt law which was passed in 1867 [14 Stat.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

517] contained no provision in relation to searches or fees for searches; but under its provisions the filing of a petition in bankruptcy affects or may affect the title to real estate, and an examination or search for these petitions therefore becomes necessary before a title is passed. Such a petition seems not to come within the description contained in the act of 1853 or the Revised Statutes, "judgments, decrees or other instruments constituting a general lien on real estate." At least, it is not claimed in this case that it does. The case is therefore a case not expressly provided for by the statute. The clerk cannot be called on to render this service without compensation, if the case is not within the existing provision of the statute. He must in such case be entitled to a reasonable compensation, having regard to the fees allowed for the services most nearly like this as now fixed by law. It is admitted by the clerk that the time and labor required for making this search are no greater than are required in making search for judgments and decrees, and for this service for the last twenty-five years the law of congress has allowed the fee of fifteen cents for each name searched against. No closer analogy or guide could be found than this statute affords for determining what is a reasonable fee for this new service required of the clerk.

It is suggested that by a statute of New York, passed in 1853, the county clerk is allowed fifteen cents a year for each name searched against for judgments, and five cents a year for each name searched against for other papers and records, and that this affords some guide to the determination of the reasonable fees to be allowed the clerk in a case not specially provided for by statute. These two statutes, nearly contemporaneous, proceed evidently upon a very different rate of compensation for similar services. What the difference is owing to is not obvious on the statutes themselves. It may be that the state statute fixed higher rates in view of a very much larger number of judgments and other instruments entered and filed in the county clerk's office; but whatever may be the reason for this difference, I am bound to follow the clear indications of the federal statutes as to the proper fee to be charged for such services in the clerk's office of a federal court. The charge for searching for petitions in bankruptcy in excess of fifteen cents for each name searched against, disallowed.